## FORT WORTH & DENVER CITY RAILWAY COMPANY v. G. W. WATKINS.

### Decided January 18, 1908.

**1.—Passenger—Alighting from Moving Train—Charge.**

In a suit for damages for personal injuries received while alighting from a moving railway train, a charge which unqualifiedly authorizes a recovery by the injured party if the train was suddenly started while such party was alighting therefrom even though the train had been stopped a sufficient length of time to enable her, in the exercise of diligence, to have left the train in safety, while subject to criticism, was not reversible error in view of other portions of the charge which properly qualified the right of recovery in such case.

**2.—Carrier—Discovered Peril—Pleading and Proof.**

When a carrier of passengers stops its train a sufficient length of time to enable a passenger, in the exercise of ordinary care, to alight in safety, it is the duty of the passenger to do so, and if he fails in this particular the carrier would only become liable upon allegation and proof that the carrier, with knowledge of the perilous position of the passenger, negligently set its train in motion, thereby injuring him. In the absence of allegation and proof of such knowledge on the part of the carrier, it is reversible error for the court to submit the issue of discovered peril in such a suit.

**3.—Charge on Weight of Evidence.**

In a suit for damages for personal injuries received while alighting from a passenger train, a charge which singles out the circumstances which the jury might consider as tending to excuse the passenger in jumping from the moving train, and which directs the jury that said circumstances would excuse the passenger unless the danger was so apparent that no person of ordinary prudence would have undertaken it, is objectionable as upon the weight of the evidence.

Appeal from the District Court of Wise County. Tried below before Hon. J. W. Patterson.

*Spoonts, Thompson & Barwise, T. J. McMurray* and *J. M. Chambers,* for appellant.—The latter portion of the third paragraph of the charge submitting the issue of liability for injuries caused by suddenly starting the train, without regard to the length of time it had stopped, imposes upon defendant's employes a greater degree

of care for the protection of plaintiff's wife, while alighting from the train, than is required by law in case the train had stopped a reasonably sufficient length of time to have enabled plaintiff's wife to have alighted safely, and in the absence of evidence that the employes in charge of the train knew of her position at the time of starting the train.   Missouri, K. & T. Ry. Co. v. Perry, 8 Texas Civ. App., 78; Texas & P. Ry. Co. v. Mitchell, 26 S. W., 154; Texas & P. Ry. Co. v. McKenzie, 30 Texas Civ. App., 293; Gulf, C. & S. F. Ry. Co. v. Williams, 70 Texas, 159; Galveston, H. & S. A. Ry. Co. v. Mathes, 73 S. W., 411; Houston & T. C. Ry. Co. v. Cohn, 22 Texas Civ. App., 11; St. Louis & S. W. Ry. Co. v. McCullough, 18 Texas Civ. App., 534.

*J. M. Basham* and *R. E. Carswell,* for appellee.—Under the pleadings and evidence, the charge complained of was not error.   Gulf, C. & S. F. Ry. Co. v. Booth, 97 S. W. Rep., 129.

SPEER, ASSOCIATE JUSTICE.—G. W. Watkins, as plaintiff below, sued the Fort Worth & Denver City Railway Company and recovered damages for injuries sustained by his wife in alighting from one of defendant's passenger coaches at the town of Rhome, in Wise County. The negligence relied on for a recovery will sufficiently appear from the following excerpts from the court's charge:

"3d.   If you find that the plaintiff and his wife were at the time in question passengers on one of the defendant's trains, and if you believe that the agents of the defendant in charge of said train negligently failed to stop said train at the station of Rhome a sufficient length of time to permit the wife of the plaintiff to leave the car with reasonable safety; or if you believe that while the wife of the plaintiff was upon the step of the car in the act of leaving the train the agents or employes of the defendant in charge of said train suddenly and without warning to plaintiff's wife or to himself started the train, and that said train was thereby given a sudden motion and that thereby the wife of plaintiff was thrown against the railing of the steps; and if you believe that the act of the agents and employes of defendant in charge of said train in so suddenly starting the train was negligence, as same is defined in the second section of this charge, and if you believe that by reason of such said acts or either of them as you find to be negligence (if you find such acts or either of them to be negligence) on the part of the defendant, its agents and employes, the wife of the plaintiff in alighting from said train was hurt and damaged in any of the ways charged in his petition, without fault or negligence on the part of the plaintiff or his said wife that caused or contributed to the injury of plaintiff's wife, you will find for the plaintiff such damages as you think he sustained thereby."

"7th.   If the train stopped at Rhome on the occasion in question a sufficient length of time to enable plaintiff's wife by the use of ordinary diligence to safely leave the train with the assistance her husband gave her, defendant would not be liable, unless you find that while she was in the act of leaving the steps of the train, the

employes of defendant knew her position and suddenly started the train without warning to her, and that such act upon their part was negligence, and that said act was the proximate cause of her injury."

It is first insisted that paragraph three of the charge quoted erroneously authorized a finding for appellee if the employes of appellant suddenly started the train while appellee's wife was in the act of alighting, even though the train had been stopped a sufficient length of time to enable her in the exercise of diligence to have left the train in safety. While the charge is not entirely free from criticism in this respect, yet in view of the fact that it is required in the same connection that such starting of the train must have been negligently done, and in view of the further fact that paragraph seven above quoted specifically instructs the jury to find for defendant if the train was stopped a sufficient length of time to enable plaintiff's wife to alight, the cause could hardly be reversed upon this contention.

In view of the pleadings and evidence, however, the latter part of the paragraph of the charge last referred to, submitting in effect the issue of discovered peril, constitutes error for which the cause must be reversed. While it was alleged generally that appellant was negligent in failing to stop its train a sufficient length of time and in suddenly starting the same without warning to appellee or his wife (in truth but different ways of expressing the same actionable negligence), still it was nowhere alleged that appellant's servants, knowing the position of appellee's wife, started the train and thereby injured her. Neither does the evidence warrant the submission of such an issue. That the issue thus submitted is no less than one of discovered peril is too clear for argument. If appellant stopped its train a sufficient length of time to enable appellee's wife in the exercise of ordinary care to alight in safety, then it was her duty to have done so, and if she failed in this particular appellant would only become liable upon allegation and proof that notwithstanding her want of care in leaving the train appellant knew of her position on the steps (and consequent peril) and negligently set its train in motion, thereby injuring her. The new duty thus imposed upon appellant to avoid injuring one who had negligently exposed himself to danger would be precisely the same as though the exposed person had been discovered on the track ahead of the engine. The effect, therefore, of the seventh paragraph of the charge was to permit a finding for plaintiff upon the theory of discovered peril, even though appellant had performed its full duty in the matter of affording appellee's wife an opportunity to leave its train, when such issue was neither alleged nor raised by the proof. The portion of the charge condemned also tends to intensify the criticism of section three of the charge first referred to, and to destroy the effect of the first portion of the paragraph suggested as an answer to such criticism.

Special charge No. 1 requested by appellee should not have been submitted. It was on the weight of the evidence in singling out the circumstances which the jury might consider as tending to

excuse appellee's wife in jumping from the steps of the moving train, and in directing the jury that these circumstances would excuse her unless the danger was so apparent that no person of ordinary prudence would have undertaken it. While this precise objection has not been urged to the charge, we nevertheless, in view of the reversal, thought it proper to advert to this feature.

For the errors indicated the judgment of the District Court is reversed and the cause remanded for another trial.

*Reversed and remanded.*